UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-2516 DSF (VBKx) | Date | 5/10/12 |
|---|---|---|---|
| Title | United States Liability Insurance Co. v. Kathleen Sebelius, Secretary of U.S. Department of Health and Human Services, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AGAINST DEFENDANT SEBELIUS FOR LACK OF SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). "The doctrine of sovereign immunity applies to . . . federal employees acting within their official capacities." Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997). An express statutory waiver of sovereign immunity is a prerequisite to federal-court jurisdiction. See Meyer, 510 U.S. at 475; Lane v. Pena, 518 U.S. 187, 192 (1996); Tobar v. United States, 639 F.3d 1191, 1195 (9th Cir. 2011). Statutory waivers are narrowly construed. See Lane, 518 U.S. at 192. "Unless [the plaintiff] satisfies the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed." Dunn & Black, P.S. v. United States, 492 F.3d 1084, 1088 (9th Cir. 2007).

Plaintiff's Complaint states that its interpleader action is proper under 28 U.S.C. § 2410. (Compl. ¶ 2.) Section 2410 waives the sovereign immunity of the United States
   in any civil action or suit in any district court, or in any State court having
      jurisdiction of the subject matter –
     (1) to quiet title to,

---

**MEMORANDUM**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

 (2) to foreclose a mortgage or other lien upon,
 (3) to partition,
 (4) to condemn, or
 (5) of interpleader or in the nature of interpleader with respect to,
real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a).  It is well established that the terms of § 2410's waiver of sovereign immunity are narrowly construed.  See Dunn & Black, 492 F.3d at 1092; Hughes v. United States, 953 F.2d 531, 537-38 (9th Cir. 1992); Bertie's Apple Valley Farms v. United States, 476 F.2d 291, 292 (9th Cir. 1973).  Section 2410's waiver does not apply if the government claims a title interest rather than a lien interest in the subject property.  See, e.g., Bertie's Apple Valley Farms, 476 F.2d at 292 (concluding that sovereign immunity barred the action where the government claimed an interest in land based on an order of the Referee in Bankruptcy for the District of Idaho, who confirmed a sale by the trustee to the Small Business Administration); Taylor v. United States, 2011 WL 1843286, at *3 (D. Ariz. May 16, 2011) (citing Dunn & Black, 492 F.3d at 1093) (concluding that sovereign immunity barred the action where the government's claim was based on a federal law providing that it could reduce a person's federal income tax returns to offset the person's debts).

  Plaintiff's interpleader action is based, in part, on the claim that the United States is entitled to reimbursement for medical expenses pursuant to the Medicare Secondary Payer (MSP) Act, 42 U.S.C. § 1395y et seq.  (Compl. ¶ 7.)  Defendant Sebelius specifically clarifies that Medicare has a right to, not a lien interest in, reimbursement under the MSP Act.  (See Defendant Sebelius Opp'n to Mot. to Dismiss at 4 & n.3.)  Thus, it does not appear that § 2410 applies to waive the government's sovereign immunity in this case.

  As it appears that the action against Sebelius is likely barred by sovereign immunity, Plaintiff is ordered to show cause, in writing not to exceed 10 pages, on or before May 18, 2012, why this action should not be dismissed as to Sebelius for lack of subject matter jurisdiction.  Plaintiff should also address whether the action must or should be remanded if Sebelius is dismissed.  Defendants are ordered to file a response, not to exceed 10 pages, on or before May 25, 2012.

  IT IS SO ORDERED.

---

**MEMORANDUM**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

---

**MEMORANDUM**