UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS 6

| Case No. | CV 12-2516 DSF (VBKx) | Date | 6/4/12 |
|---|---|---|---|
| Title | United States Liability Insurance Co. v. Kathleen Sebelius, Secretary of U.S. Department of Health and Human Services, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings:** (IN CHAMBERS) ORDER DISMISSING KATHLEEN SEBELIUS FOR LACK OF SUBJECT MATTER JURISDICTION AND REMANDING ACTION

    This action was removed on March 23, 2012. On May 10, 2012, the Court issued an Order to Show Cause (OSC) why this case should not be dismissed for lack of subject matter jurisdiction. (Docket No. 12.) The Court noted that it did not appear to have jurisdiction over Defendant U.S. Department of Health and Human Services Secretary Kathleen Sebelius because there was no applicable waiver of sovereign immunity. (Order at 2.) The Court noted that the waiver in 28 U.S.C. § 2410 did not appear to apply because the United States claimed a title interest, rather than a lien interest, in the subject property. (Id.) All parties have filed responses to the OSC. (Docket Nos. 13, 14, 15.)

    Sovereign immunity has not been waived, and therefore the Court does not have jurisdiction over Plaintiff's claim against Defendant Sebelius. Section 2410 does not apply because the United States seeks reimbursement under the Medicare Secondary Payer (MSP) Act, 42 U.S.C. § 1395y *et seq.*, rather than claiming a lien interest. See, e.g., Bertie's Apple Valley Farms v. United States, 476 F.2d 291, 292 (9th Cir. 1973); Taylor v. United States, 2011 WL 1843286, at *3 (D. Ariz. May 16, 2011). Contrary to Plaintiff's argument, the waiver of sovereign immunity in § 702 of the Administrative Procedure Act (APA), 5 U.S.C. § 702, does not apply either. That waiver applies to actions stating a claim that "an officer or employee [of an agency] acted or failed to act in an official capacity." 5 U.S.C. § 702. Plaintiff's interpleader action does not qualify. Plaintiff's claim against Defendant Sebelius is DISMISSED.

---

MEMORANDUM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS 6

When a district court has "dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over remaining claims. 28 U.S.C. § 1367(c)(3). The court's exercise of discretion to decline jurisdiction should be informed by "the values of judicial economy, convenience, fairness, and comity." Exec. Software N. Am. v. U.S. Dist. Ct., 24 F.3d 1545, 1552, 1557 (9th Cir. 1994) (citation omitted), overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp., 533 F.3d 1087, 1096 (9th Cir. 2008). The Court declines to exercise its jurisdiction over Plaintiff's claim against the Murrays. Convenience and comity favor remand because the parties have already engaged in extensive litigation in state court. Judicial economy would not be served by this Court reviewing the interpleader claim now that the claim against Sebelius has been removed.

The action is REMANDED to the state court.

IT IS SO ORDERED.

---

**MEMORANDUM**